# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MASHIACH C. LASSITER,        )
                                )
        Plaintiff,           )
                                )
        v.                  )        Civil Action No. 1:25-cv-03620 (UNA)
                                )
DISTRICT OF                  )
COLUMBIA COURTS, et al.,     )
                                )
        Defendants.        )

## MEMORANDUM OPINION

Currently before the Court is Plaintiff's *pro se* Amended Complaint ("Am. Compl."), ECF No. 14, and his Application for Leave to Proceed *in forma pauperis* ("IFP App."), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff sues the District of Columbia, the D.C. Superior Court, a D.C. Superior Court Judge, and an attorney involved in proceedings in which Plaintiff was a party. *See* Am. Compl. at 1–3. Plaintiff alleges that several of his rights were violated due to various wrongs that occurred during proceedings held before the D.C. Superior Court Family Division, including omnibus denial of his motions and other requests, "procedural irregularities," and miscalculation of his benefits. *See id*. at 2–4; *see also* Complaint, ECF No. 1, at 2. He demands assorted declaratory and injunctive relief reversing and denouncing the actions of the D.C. Superior Court in those proceedings. *See* Am. Compl. at 4–5.

At root, Plaintiff demands that this Court review and intervene in a D.C. Superior Court matter, but this the Court is without subject matter jurisdiction to do so. Federal district courts generally lack jurisdiction to review or interfere with judicial decisions by state courts and local

bodies. Applicable here, the domestic relations exception specifically deprives a federal district court of the power to issue or modify the determinations at issue. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982). In other words, a family court's decisions must be contested in the local courts where the proceedings were held. *See Bennett*, at 682 F.2d at 1042–43. If Plaintiff seeks review of the propriety of the actions of the D.C. Superior Court, such is the province of the District of Columbia Court of Appeals. *See* D.C. Ct. App. R. 4(a); D.C. Code § 11–721.

For these reasons, the Amended Complaint, ECF No. 14, and this case, are dismissed without prejudice. Plaintiff's other pending Motions, ECF Nos. 5, 6, 10, 12, 13, 15, are all denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: January 2, 2026

/s/_____
ANA C. REYES
United States District Judge